UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**YVONNE G. GROCHOWSKI,**

                Plaintiff,

    v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                Defendant.

No. CV 08-1350-MO

OPINION AND ORDER

**MOSMAN, J.,**

       Plaintiff Yvonne Grochowski challenges the Commissioner's decision finding her not disabled between June 19, 2003, and May 1, 2007. *See* 42 U.S.C. § 1382c(a)(3)(A). The Court has jurisdiction under 42 U.S.C. § 405(g).

       I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). For the reasons stated below, I AFFIRM the Commissioner's decision.

**PROCEDURAL BACKGROUND**

       This appeal concerns Ms. Grochowski's second application for disability benefits. On May 31, 2001, Ms. Grochowski first filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. AR

888.[1] In her application, Ms. Grochowski "allege[d] that she became disabled on August 1, 2000 due to rotator cuff surgery, fracture of the right arm and mental problems." AR 889. The claim was denied initially and on reconsideration. AR 888. An Administrative Law Judge ("ALJ") held a hearing and denied Ms. Grochowski's claim in a decision issued June 18, 2003. AR 888-95. Ms. Grochowski did not appeal, and the decision became final sixty days later. *See* AR 14, 885-87.

Ms. Grochowski filed a second application on October 22, 2003, once again alleging she became disabled on August 1, 2000. AR 14. The claim was denied initially and on reconsideration. AR 14. After an in-person hearing and a supplemental telephonic hearing, the ALJ issued a decision September 28, 2007, finding Ms. Grochowski disabled as of May 1, 2007. AR 14-23. In reaching his decision, the ALJ considered only evidence of disability that arose after June 18, 2003, because the final decision on Ms. Grochowski's first claim barred further consideration of evidence that arose prior to that date. AR 14. The Commissioner's decision became final when the Appeal Council denied review on September 16, 2008, AR 5-8, and Ms. Grochowski timely appealed to this Court (#2).

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). The ALJ found that Ms. Grochowski has the following severe impairments: fibromyalgia; hepatitis C; mild inflammatory arthropathy; major recurrent depressive disorder; and polysubstance abuse in

---

[1] Citations to "AR" refer to indicated pages in the official transcript of the administrative record filed on June 17, 2009 (#15, #16).

claimed remission. AR 17. But the ALJ also found that none of these impairments, either separately or in combination, met or equaled a disorder listed in the Commissioner's regulations. AR 17.

After evaluating the record, the ALJ completed two Residual Functional Capacity ("RFC") assessments: one addresses Ms. Grochowski's limitations before May 1, 2007, and one addresses her limitations after May 1, 2007. Before May 1, 2007, the ALJ concluded Ms. Grochowski was capable of "perform[ing] exertional activities consistent with light work," including an ability "to perform frequent reaching, handling, fingering, feeling, pushing and pulling with her hands." AR 17. Beginning on May 1, 2007, however, the ALJ found that Ms. Grochowski had the residual functional capacity to perform only sedentary work. AR 20.

Based on these RFC assessments, and with the assistance of a vocational expert, the ALJ determined that Ms. Grochowski was capable of performing past relevant work as a packing line worker prior to May 1, 2007, and therefore was not disabled prior to that date. However, the ALJ found that Ms. Grochowski was unable to perform past relevant work as of May 1, 2007, and that her disability as of that date further prevented her from performing a job that exists in a significant number in the national economy. AR 22. Accordingly, the ALJ concluded that Ms. Grochowski has been disabled as of May 1, 2007, seven months after the date she was last insured for disability benefits. (Pl.'s Opening Br. (#24) 1; *see also* AR 15, 22.) Ms. Grochowski therefore qualifies for SSI under Title XVI, but her DIB claim under Title II was dismissed. (Pl.'s Opening Br. (#24) 1; *see also* AR 15.**)**

## DISCUSSION

Ms. Grochowski argues that the Commissioner's decision should be reversed and the case should be remanded for payment of benefits. She assigns error only to the ALJ's failure to

address "two Oregon State Disability Determination Services (DDS) medical opinions." (Pl.'s Opening Br. (#24) 1.) The opinions are contained in Exhibit B-8F, AR 542-49, and Exhibit B-9F, AR 550-56.

An ALJ evaluates physician opinions using a three-level hierarchy:  (1) those who treat the claimant ("treating physician"); (2) those who examine but do not treat the claimant ("examining physician"); and (3) those who neither examine nor treat the claimant, but review the claimant's medical records ("non-examining or reviewing physician"). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). The opinions of a treating source are generally entitled to greater weight than the opinions of physicians who do not treat the claimant, just as the opinions of physicians who examine the claimant are generally entitled to greater weight than the opinions of physicians who do not examine the claimant. *Id*. Standing alone, the opinion of a non-examining physician cannot constitute substantial evidence supporting the ALJ's decision. *Id.* at 831. The ALJ "may not ignore" the medical opinions of non-examining state agency consultants, however, and his decision must explain the weight given to these opinions "[u]nless the treating source's opinion is given controlling weight." 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

In reaching his decision on Ms. Grochowski's second application, the ALJ "considered the medical opinions of the claimant's treating physicians, consultative examiners, and State Agency consultants." AR 19. Specifically, the ALJ assigned great weight to the March 19, 2007, opinion of Dr. Thompson, a treating physician. AR 20. But although the ALJ stated that he considered the opinions of State Agency consultants, he did not specifically address the assessments contained in Exhibits B-8F and B-9F. For the reasons described below, I conclude that the Social Security Administration regulations did not require the ALJ to explain the weight

he assigned to these opinions.

## I.  Exhibit B-8F

I agree that the ALJ did not err in failing to address the opinions in Exhibits B-8F. At the beginning of his decision, the ALJ noted that Ms. Grochowski previously applied for disability benefits and supplemental security income but received an unfavorable hearing decision on June 18, 2003. AR 14, 888. Because the decision on Ms. Grochowski's first claim was final, the ALJ concluded that res judicata barred "further consideration of facts and issues previously discussed," and he "limit[ed] the scope of his decision to evidence pertinent to the claimant's allegation of disability since **June 19, 2003**." AR 14 (citing 20 C.F.R. § 416.1457) (emphasis in original). Ms. Grochowski does not assign error to this aspect of the September 28, 2007, decision. Because the assessment in Exhibit B-8F covered only the period from August 1, 2000, to October 14, 2002, AR 542, it was properly excluded from the ALJ's consideration.

## II.  Exhibit B-9F

Generally, the ALJ has a duty to consider the findings of non-examining state agency medical consultants and to explain in his decision the weight assigned to those opinions. 20 C.F.R. §§ 404.1527(f)(2)(i)-(ii), 416.927(f)(2)(i)-(ii). However, the Social Security Administration regulations do not require the ALJ to explain the weight given to the opinions of State agency medical consultants when the ALJ assigns controlling weight to a "treating source's opinion." *Id.* This rule is consistent with the three-level hierarchy in which a treating physician's opinion is given more weight than the opinions of non-treating physicians, *Lester*, 81 F.3d at 830, and with the rule that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician," *id* at 831 (emphasis omitted).

Here, the ALJ considered the medical opinions of State Agency consultants as required

by 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). AR 19. But he also assigned controlling weight to the opinion of Dr. Thompson, a physician who treated Ms. Grochowski. AR 20. It is evident that Dr. Thompson's opinion controlled the ALJ's disability determination both because the ALJ explicitly stated that he assigned "[g]reat weight" to Dr. Thompson's opinion and because the ALJ's RFC assessment (for the period before May 1, 2007) incorporates the exact physical limitations Dr. Thompson identified. AR 17, 20.

Furthermore, the record demonstrates that it was proper for the ALJ to assign controlling weight to Dr. Thompson's opinion. A treating source's opinion is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (assigning greater weight to opinions that are consistent with the record as a whole). Dr. Thompson is a rheumatology specialist who supported her opinion with her own clinical findings and the clinical findings of Dr. Lee, a rheumatologist who treated Ms. Grochowski from 2004 to 2006. AR 778-79; 781-83, 828-33; *see also* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) (assigning greater weight to medical sources that support their opinions with "medical signs and laboratory findings"); 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) (assigning greater weight "to the opinion of a specialist about medical issues related to his or her area of speciality"). Her opinion is consistent with substantial evidence in the record. *See, e.g.*, AR 20 (noting that Dr. Thompson's assessment is "generally consistent with the record as a whole"), 788-815 (notes from treating physician Dr. Lee); AR 586-91 (opinion of examining physician Dr. Webster); AR 597-604 (opinion of reviewing physician Dr. Kehrli).

Because he properly assigned controlling weight to Dr. Thompson's opinion, the ALJ was not required to address the state agency opinion contained in Exhibit B-9F.

## CONCLUSION

I conclude the ALJ did not err in failing to address the opinions of a non-examining State agency medical consultant. The consultant's first opinion, Exhibit B-8F, falls outside of the time period the ALJ was required to consider. The ALJ assigned controlling weight to the opinion of a treating physician; therefore, he was not required to explain the weight he assigned to the consultant's second opinion, Exhibit B-9F. The Commissioner's decision, which is free of legal error and supported by substantial evidence, is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this  17th  day of May, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court